FILED JAN27'26PM2:42
MDGA-MAC

# EXHIBIT D

October 17, 2025
Page 8

and leadership, it became apparent that Ms. Hilliard was wholly unprepared to discuss the documents she had provided to OSHA. Moreover, because Ms. Hilliard did not inform leadership that she had shared documents with OSHA prior to the meeting, they too were not prepared to assist her in responding to OSHA's questions regarding the documents. This lack of preparation reflected poorly on Johns Manville and did not reflect Respondent's commitment to workplace safety.

### E.     Ms. Hilliard's Lawful Termination.

Ms. Hilliard's failure to communicate with the proper company leaders resulted in Johns Manville missing the opportunity to appeal the OSHA Citation and would have resulted in missing the deadline to pay the penalty entirely if not for Mr. Muller's inquiry. Ms. Hilliard also sent documents to OSHA that had not been reviewed with the Plant Manager, attended a meeting with OSHA and leadership where she appeared extremely unprepared, and created unnecessary stress and embarrassment for the team before an important governing agency. As a result, Mr. Muller decided to issue Ms. Hilliard a Letter of Reprimand for her handling of the OSHA citation, which specifically stated that "[f]urther incidents [would] result in more severe disciplinary action being taken, up to and including termination."[12]

On January 9, 2025, Mr. Muller and Ms. Vawter met in person with Ms. Hilliard to deliver the Letter of Reprimand and address concerns regarding Ms. Hilliard's performance. Upon learning that she was being formally reprimanded, Ms. Hilliard immediately became defensive, raised her voice repeatedly and interrupted the managers, and pointed her fingers at Ms. Vawter.[13] Ultimately, Ms. Hilliard continued interrupting Mr. Muller, prohibiting him from further explaining the reasons for the reprimand, declined to sign the document, and abruptly left the meeting and exited the building before the meeting concluded.

Given her unprofessional conduct and unwillingness to accept constructive feedback or collaborate effectively throughout her short tenure with the company, Mr. Muller and Ms. Vawter, after consultation, made the decision to terminate Ms. Hilliard's employment. When Ms. Hilliard later returned to her office, Ms. Vawter informed Ms. Hilliard that her employment was being terminated. In response, Ms. Hilliard yelled at Mr. Muller and Ms. Vawter, demanding they leave her office.

---

[12] *See* Exhibit G, Hilliard Letter of Reprimand.

[13] Ms. Hilliard also claimed she was unaware of how to handle an OSHA citation. However, because OSHA compliance is a fundamental responsibility of the Senior EHS Specialist role, Ms. Hilliard's lack of responsiveness was not justified, especially since she had other company resources available to coach her during this process. During the meeting, she also alleged that the entire plant needed sexual harassment training. When Ms. Vawter asked her to provide more context or specific concerns, Ms. Hilliard again appeared disinterested in providing further details.