**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION**

| | | |
|---|---|---|
| **BRITTANY HILLIARD,** | ) | |
| | ) | |
| | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **CIVIL ACTION NO. 5:26-cv-37 (MTT)** |
| | ) | |
| **JOHNS MANVILLE, INC** | ) | |
| | ) | |
| | ) | |
| **Defendant.** | ) | |
| | ) | |

**ORDER**

Brittany Hilliard, proceeding pro se, filed this action against her former employer, Johns Manville, Inc., alleging race discrimination under Title VII and 42 U.S.C. § 1981, sex discrimination under Title VII, and retaliation under Title VII. ECF 1; 9. Discovery began after the Court held an in-person discovery conference on March 19, 2026, and entered its Scheduling and Discovery Order on March 20, 2026. ECF 13. Pursuant to the Scheduling and Discovery Order, discovery ends in this case on September 15, 2026. ECF 14 at 2. On April 9, 2026, three weeks after discovery began, Hilliard moved for partial summary judgment. ECF 20. Then, on April 20, 2026, Hilliard filed a notice of a discovery dispute, seeking a court order compelling Johns Manville to produce requested documents. ECF 21 at 1. Because Hilliard's motions are premature, her motion for partial summary judgment (ECF 20) and her request to compel discovery (ECF 21) are **DENIED without prejudice**.

"Summary judgment is premature when a party is not provided a reasonable opportunity to discover information essential to his opposition." *Smith v. Fla. Dep't of*

*Corr.*, 713 F.3d 1059, 1064 (11th Cir. 2013); *see Snook v. Trust Co. of Georgia Bank of Savannah, N.A.*, 859 F.3d 865, 871 (11th Cir. 1988). Under Rule 56(d) of the Federal Rules of Civil Procedure, a court may deny a motion for summary judgment "[i]f a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its position." Fed. R. Civ. P. 56(d). The Eleventh Circuit has held that "a party opposing a motion for summary judgment need not file an affidavit pursuant to [Rule 56(d)] … in order to invoke the protection of that rule" because "the written representation by the [opposing party's] lawyer, an officer of the court, is in the spirit of Rule [56(d)]."[1] *Snook v. Trust Co. of Ga. Bank of Savannah*, N.A., 859 F.2d 865, 871 (11th Cir. 1988) (citation modified); *see Daker v. Owens*, 2021 WL 1606052 (S.D. Ga. Feb. 9, 2021) (finding the Defendants properly invoked Rule 56(d) even though the Defendants did not file an affidavit).

Here, neither party has had adequate time to conduct discovery and present the facts essential to their position. Hilliard moved for summary judgment less than a month after discovery commenced. ECF 15; 20. Her two-page statement of material facts contains mostly unsupported assertions, and the evidence she has filed appears thin. *See* ECF 20-2. Johns Manville represents that it only received Hilliard's discovery responses two days before its response to Hilliard's motion for summary judgment was due. ECF 23-1 at 5. And it appears that neither party has had the opportunity to depose

---

[1] The original quote from *Snook* refers to Rule 56(f) because, before the 2010 amendments to the Federal Rules of Civil Procedure, the substance of Rule 56(d) was found in Rule 56(f). However, no substantive changes were made to the Rule. *See* Fed. R. Civ. P. 56(d) advisory committee's note to 2010 amendment ("Subdivision (d) carries forward without substantial change to the subdivisions of former subdivision (f).").

any witnesses. *Id.* at 5.  Moreover, Hilliard contends in her notice of discovery dispute that Johns Manville has not yet produced documents necessary to her case.[2] ECF 21. Accordingly, Hilliard's motion for partial summary judgment (ECF 20) is premature and is, therefore, **DENIED without prejudice.**

Hilliard's request to compel discovery is also premature. Again, discovery began one month before Hilliard filed her notice of discovery dispute. ECF 15; 21. Johns Manville notes that at least one of Hilliard's objections has become moot because it produced the requested documents, and that Hilliard declined Johns Manville's offer to meet and confer with Hilliard regarding her request for internal investigations and employee surveys. ECF 24 at 2-4. Because the parties have not had sufficient time to engage in meaningful discovery, the Court finds that Hilliard's request to compel discovery is premature. Thus, Hilliard's request to compel discovery is **DENIED without prejudice.**

In its response to Hilliard's notice of discovery dispute, Johns Manville provided documents from the ethics and compliance hotline of Johns Manville's parent company. Those records show that on April 17, 2026, Hilliard placed an anonymous phone call to the ethics hotline, provided the case number for this action, and complained about alleged falsified documents. ECF 24-3 at 2. It appears that Hilliard called the hotline again on April 20, 2026, and "requested metadata and documents to finalize her interrogatories." *Id.* at 3. Johns Manville also claims that Hilliard has "threatened to file a baseless bar complaint" against Johns Manville's counsel. ECF 24 at 5. Johns Manville

---

[2] Confusingly, Hilliard states in her notice of discovery dispute that she "requires these materials to finalize interrogatories and adequately respond to Defendant's Motion for Summary Judgment." ECF 21 at 1. The Defendant has not moved for summary judgment. But this statement further confirms that there has not been sufficient discovery.

-4-

requests an order prohibiting Hilliard from contacting John Mansfield or its parent company, Berkshire Hathaway, directly. *Id*. Johns Manville's request is **GRANTED**. Hilliard is **ORDERED** to refrain from communicating with Johns Manville or Berkshire Hathaway, except through Johns Manville's counsel.

In sum, Hilliard's motion for partial summary judgment (ECF 20) and her request to compel discovery (ECF 21) are **DENIED without prejudice**. Hilliard is **ORDERED** to refrain from communicating with Johns Manville or Berkshire Hathaway, except through Johns Manville's counsel.

**SO ORDERED**, this 14th day of May, 2026.

<u>S/ Marc T. Treadwell</u>
MARC T. TREADWELL, JUDGE
UNITED STATES DISTRICT COURT

-4-